Randall v Bare Arms Gun Shop, LLC (2025 NY Slip Op 25298)

[*1]

Randall v Bare Arms Gun Shop, LLC

2025 NY Slip Op 25298

Decided on December 28, 2025

City Court Of Little Falls, Herkimer County

Bannister, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 28, 2025
City Court of Little Falls, Herkimer County

Arthur L. Randall, III, Plaintiff,

againstBare Arms Gun Shop, LLC d/b/a BARE ARMS GUN SHOP, Defendant.

Index No. CV-000281-24/LF

Passalacqua & Associates, for Plaintiff,Longstreet & Berry, LLP, for Defendant.

Joshua P. Bannister, J.

Plaintiff filed this action to recover his firearms or their value from Defendant. The facts are undisputed. Plaintiff had his firearms seized by the New York State Police (NYSP) who in turn deposited them with Defendant. Defendant charged Plaintiff storage fees and ultimately sold at least two of the firearms in lieu of the storage fees. Defendant filed a dual motion for summary judgment and to dismiss. Plaintiff followed up with a cross motion for summary judgment. The issue is quite simple: did the Defendant have the legal authority to charge Plaintiff storage fees and to sell the property in lieu of those fees?
Penal Law section 400.05 governs the procedure in this case. The only reference to a firearms dealer in PL §400.05 is subsection 6 which provides " . . . a person who surrenders a firearm shall have the right to arrange for the sale, or transfer, of such firearm to a dealer in firearms . . . ". Nothing in PL §400.05 authorizes the NYSP to store seized firearms with a dealer. Nothing in PL §400.05 authorizes a dealer to charge storage fees or to sell the firearms in lieu of the fees.
Defendant argues that there is an implied contract and a UCC warehouse lien (NYUCC §§ 7-209 & 7-210). This Court declines to find an implied contract and finds that the NYUCC provisions do not apply to this case for several reasons. First, PL §400.05 details the procedure for dealing with seized firearms which was not followed here. Second, it is improper for the Defendant to benefit from an implied contract or warehouse lien when it improperly converted the Plaintiff's property. Third, even if this Court applied the NYUCC to this case, the Defendant did not follow the notice procedure in NYUCC §7-210[b][1]. Conclusion and OrderOn the evidence before the Court, it is hereby ORDERED:
That the Defendant's motions to dismiss and for summary judgment should be and hereby are DENIED.
That the Plaintiff's motion for summary judgment should be and hereby is GRANTED on the issue of liability. 
The matter will proceed to a hearing on the sole remaining issue of damages.
This constitutes the decision and order of the court.
HON. JOSHUA P. BANNISTERLITTLE FALLS CITY COURT JUDGEDATED: December 28, 2025